IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MAXIM CRUDE OIL, LLC <br>   Plaintiff <br><br> vs. <br><br> NOIL CORP., INC. and <br> MORRELL STEVE NEELY <br><br>   Defendants | § § § § § § § § § § § Civil Cause No. 2:21-cv-00090 |

**DEFENDANT NOIL CORP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION ORDER ON THE PLEADINGS, OR SETTING OF A HEARING ON A PRELIMINARY INJUNCTION AND THE EXTENSION OF THE EXISTING TEMPORARY RESTRAINING ORDER <u>PENDING THE HEARING ON PRELIMINARY INJUNCTION</u>**

Defendant Noil Corp., Inc. ("Noil") files its Response in Opposition to Plaintiff Maxim Crude Oil, LLC's ("Maxim") Emergency Motion For A Preliminary Injunction Order On The Pleadings, Or Setting Of A Hearing On A Preliminary Injunction And The Extension Of The Existing Temporary Restraining Order Pending The Hearing On Preliminary Injunction, and respectfully states the following:

### I.  FACTUAL BACKGROUND

1.  Maxim obtained an *ex parte* temporary restraining order ***without prior notice*** to Noil.  Maxim's current counsel did ***not*** inform Noil's Illinois counsel even though they had extensive prior communications about this dispute.  In fact, Maxim's counsel emailed Noil's counsel less than three hours before obtaining the *ex parte* order.[1]  But, Maxim's counsel failed to

---

[1] Ex. 1, Emails from Maxim's Counsel (*Compare* email on April 26, 2021 at 8:45 a.m. with the TRO at 11:11 a.m. on the same day).

inform Noil's counsel that he would be seeking the *ex parte* order that morning and failed to provide Noil and its counsel with an opportunity to be heard by the state court.

2.     On May 3, 2021, Noil and Steve Neely properly removed this case to federal court. Even though Maxim knew that diversity jurisdiction exists, Maxim filed in state court. It is clear that Maxim knew that this case belonged in federal court based on Maxim's own pleadings. Maxim pled that it is a Texas company with its principal place of business in Texas while pleading that Noil is an Illinois company and Neely is a resident of Illinois. Even so, Maxim deliberately filed in state court knowing that federal jurisdiction existed.

3.     This is a breach of contract action for monetary damages. It is undisputed that the Noil and Maxim entered into a Crude Products Agreement. Importantly, the Crude Product Agreement does not require – or even mention – any obligation to keep the funds in an escrow account. Instead, the contract expressly provides in Section 6 that it is a prepayment contract. Even then, Maxim was unable to pay the full – and agreed – invoice amount. Maxim's other claims, such as fraud, appear to be an attempt to circumvent the fiduciary shield doctrine to obtain personal jurisdiction over Neely. Counsel represents to the Court that he intends to file a motion to dismiss Neely based on a lack of personal jurisdiction.

4.     Contrary to Maxim's statements, Noil and Neely dispute Maxim's purported facts. *See* Exhibit 2, Declaration of Jennifer Watson. On April 23, 2021, Maxim filed its lawsuit and Texas counsel was not retained until last week. Noil and Neely will file, in a timely and prompt manner, an answer or other responsive pleading, including the motion to dismiss referenced above.

## II.     ARGUMENT AND AUTHORITIES

5.     "A preliminary injunction is an 'extraordinary remedy' that should only issue if the movant establishes: (1) a substantial likelihood of success on the merits, (2) a substantial threat of

irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Turner v. Epps*, 460 F. App'x. 322, 327 (5th Cir. 2012) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). "Plaintiffs must satisfy all four requirements." *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex.), aff'd 244 F.3d 134 (5th Cir. 2000) (citations omitted).

6. A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Here, Maxim cannot meet the four requirements necessary for this extraordinary remedy.

7. First, Maxim cannot show a substantial likelihood of success. The contract governs the relationship between Maxim and Noil. It is undisputed that Maxim terminated the contract. As such, Maxim is liable for Noil's lost profits during the term of the contract and for the monies that it expended trying to get product for Maxim. Furthermore, the contract contains a broad and express "prevention of Performance; Shortage of Supply" provision that Maxim failed to mention to the Court. It is undisputed that problems at the Valero terminal made it impossible to source product as the parties had intended. Additionally, even after Maxim made threats against Noil and its employees, Noil attempted to source product for Maxim. Maxim breached and terminated the contract, not Noil.

8. Second, there is no substantial likelihood of irreparable harm. "[A] harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). "Loss of income, compensable after trial on the merits,

or financial distress, does not constitute irreparable injury." *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 781 (N.D. Tex. 2012) (citing *Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974)). That is the same case here. This is a case in which Maxim seeks monetary damages. In fact, Maxim's injunction request is for the specific monetary amount of $600,000. This is because Noil previously returned $1,400,000 and kept the remaining amount pursuant to the contract as damages. Therefore, there is an adequate remedy at law and no irreparable harm.

9. Third, Maxim cannot show that some threatened injury in the absence of an injunction outweighs the harm that will result if the injunction is granted. Maxim has not shown any threatened injury and has not explained how the granting of the injunction will not harm Noil.

10. Fourth, Maxim cannot show that the grant of the injunction will not disserve the public interest. Maxim did not attempt to make this required showing in its Motion. Furthermore, it would be a disservice to the public interest to allow Maxim to terminate and breach the contract while freezing monies of Noil.

**WHEREFORE,** Noil respectfully requests the Court deny Plaintiff's Motion and for such other and further relief to which Noil may be justly entitled.

| OF COUNSEL: | Respectfully submitted, |
|---|---|
| | */s/ Matthew R. Beatty* |
| Marty J. Schwartz | Matthew R. Beatty |
| IL State Bar | State Bar No. 24001169 |
| mschwartz@schainbanks.com | mbeatty@bnsfirm.com |
| Schain Banks | Michael L. Navarre |
| Three First National Plaza | State Bar No.  00792711 |
| 70 W. Madison Street, Suite 5300 | mnavarre@bnsfirm.com |
| Chicago, IL 60602 | Beatty Navarre Strama, PC |
| (312) 345-5700 Telephone | 901 S. MoPac Expy. |
| (312) 345-5701 Facsimile | Building 1, Suite 200 |
| | Austin, Texas 78746 |
| | (512) 879-5050 Telephone |
| | (512) 879-5040 Facsimile |

**ATTORNEYS FOR DEFENDANTS
NOIL CORP., INC. AND
MORRELL STEVE NEELY**

### CERTIFICATE OF SERVICE

I certify that on this the 5th day of May, 2021, I served a true and correct copy of the foregoing instrument on the counsel of record below by CM/ECF and by email as follows:

Antonio Ortiz – via aortiz@jhwclaw.com
Shelby A. Jordan – via sjordan@jhwclaw.com
**JORDAN, HOLZER & ORTIZ, P.C.**
500 N. Shoreline, Suite 900
Corpus Christi, Texas, 78401

 */s/ Matthew R. Beatty*
Matthew R. Beatty