IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAXIM CRUDE OIL, LLC<br>　　Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Cause No. No. 2:21-cv-90 |
| NOIL CORP., INC. and<br>MORRELL STEVE NEELY | §<br>§<br>§ | |
| 　　Defendants | § | |

## **DEFENDANT MORRELL STEVE NEELY'S MOTION TO DISMISS**

TO THE HONORABLE DAVID S. MORALES, UNITED STATES DISTRICT JUDGE:

Defendant Morrell Steve Neely files his Motion To Dismiss, and respectfully states the following:

### I. INTRODUCTION

1. On April 23, 2021, Maxim Crude Oil, LLC ("Maxim") filed this lawsuit against Steve Neely in state court. On May 3, 2021, Defendants removed this action to this Court based on diversity jurisdiction. Steve Neely is a citizen of Illinois, as Plaintiff pled in its state court petition. Steve Neely is also the CEO and President of Noil Corp., Inc. ("Noil").

2. Plaintiff asserts the following causes of action against Steve Neely: (1) fraudulent misrepresentations; (2) fraud by non-disclosure and omission; (3) breach of contract; (4) unjust enrichment; (5) money had and received; and (6) breach of fiduciary duty and conversion. Plaintiff's petition is bereft of any specific factual allegations against Steve Neely. In fact, after the initial identification of the parties at page 2, Plaintiff only mentions Steve Neely twice in the rest of its pleading, both in the context of its breach of fiduciary duty claim.

3. For example, Plaintiff failed to identify a single statement by Steve Neely that it considers to be fraudulent. Additionally, although Maxim asserts a breach of contract claim against Steve Neely, the only contract mentioned and attached by Maxim is a contract with Noil.

4. Steve Neely requests that the Court dismiss Plaintiff's claims on three independent grounds: (1) lack of personal jurisdiction pursuant to Rule 12(b)(2); (2) failure to state a claim pursuant to Rule 12(b)(6); and (3) failure to plead fraud with specificity pursuant to Rule 9(b).

## II. FACTUAL BACKGROUND

5. Steve Neely is a resident of Illinois and the CEO and President of Noil. His father and uncle were the first African Americans to start and independently own a gas station on the south side of Chicago. As a young boy, Steve worked at the gas station, including pumping gas in the cold Chicago winters. Before becoming Noil's CEO and President, Steve worked as a County Deputy Sherriff. Noil is a member of the American Petroleum Institute.

6. Steve Neely does not reside in Texas.[1] He has never lived in Texas. He has never owned or leased real estate in Texas. He has never had a bank account or investment account with any Texas bank or financial institution. He cannot recall ever traveling to Texas for personal matters. He has never been an officer or director of a Texas business.

## III. ARGUMENT AND AUTHORITIES

**A.   Pursuant To Rule 12(b)(2), The Court Should Dismiss Plaintiff's Claims Because There Is No Personal Jurisdiction.**

   **1.   Personal jurisdiction requires that a defendant have "minimum contacts" with the forum state and that the exercise of jurisdiction comports with "fair play and substantial justice."**

---

[1] All of the facts in this paragraph are supported by the affidavit of Steve Neely, attached as Exhibit 1.

7. Personal jurisdiction exists only if the requirements of federal due process are met. *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008). The nonresident defendant must have purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction must comport with traditional concepts "of fair play and substantial justice." *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

8. The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction as a result of "random," "fortuitous," or "attenuated" contacts or as a result of the "unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 475 (citations omitted). The constitutional touchstone is whether the defendant purposefully established "minimum contacts" in the jurisdiction. *Int'l Shoe Co.,* 326 U.S. at 316.

9. Jurisdiction only exists if the defendant's "contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *Burger King Corp.*, 471 U.S. at 475 (citations omitted). If "the defendant 'deliberately' has engaged in significant activities within a State or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.* at 476 (internal citations omitted). "Minimum contacts" can give rise to either specific jurisdiction or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

10. General jurisdiction exists when a nonresident defendant's affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum.

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017). "Establishing general jurisdiction is "difficult" and requires 'extensive contacts between a defendant and a forum.'" *Sangha v. Navig8 ShipManagement Private, Ltd.*, 882 F.3d 96, 101-02 (5th Cir. 2018) (citations omitted). "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required . . . . [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609-10 (5th Cir. 2008) (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)).

11. Specific jurisdiction exists only if the nonresident defendant's "contacts with the forum state are singular or sporadic only if the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 212 (5th Cir. 2016) (citing *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). Specific jurisdiction only exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (citation omitted).

12. Here, there is neither general jurisdiction nor specific jurisdiction as to Steve Neely.

**2. The Court should dismiss Maxim's claims because there is no personal jurisdiction over Steve Neely.**

13.  It is undisputed that Steve Neely is not a resident of the State of Texas. Furthermore, he has not availed himself of the State of Texas and does not have minimum contacts with the State of Texas:[2]

14.  Furthermore, Maxim's claims do not arise from Steve Neely's contacts with the State of Texas. Maxim has not alleged any specific wrongful act committed by Steve Neely in Texas. Nor has Maxim alleged any specific wrongful act committed by Steve Neely directed toward Texas. Maxim's claims do not arise from Steve Neely's contacts with the State of Texas.

15.  Finally, the exercise of jurisdiction over nonresident Steve Neely also fails the second prong of the due process analysis because it would not comport with traditional notions of fair play and substantial justice. There is a dearth of any Texas contacts by Steve Neely. Plaintiff has even failed to allege any such contacts.

16.  Therefore, the Court should dismiss Maxim's claims based on a lack of personal jurisdiction over Steve Neely.

**B.    Pursuant To Rule 12(b)(6), The Court Should Dismiss Plaintiff's Claims Because Maxim Failed To State A Claim To Relief.**

17.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 556 U.S. at 678. Conclusions are not entitled to the presumption of truth and a complaint must be supported by

---

[2]  Exhibit 1, Affidavit of Steve Neely.

factual allegations. *Id* at 679. "[F]ormulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55.

18. A court should grant a motion to dismiss if the plaintiff has not provided both (1) fair notice of the claim and (2) plausible factual allegations to support the claim. *Ashcroft,* 556 U.S. at 678. Here, as in *Iqbal and Twombly,* Maxim only pled "formulaic recitations of the elements" of its alleged claims. *Id.* at 681 (citations omitted). For example, Maxim's claim for breach of contract does no more than recite the elements of such a claim.[3] This is understandable given that the only contract discussed in Maxim's lawsuit is the "Crude Products Agreement" between Maxim and Noil. All of Maxim's claims are against the general "Defendants" without specifying any factual allegation against Steve Neely individually.

19. Furthermore, Maxim failed to plead specific factual allegations as to Steve Neely. In fact, Steve Neely is only mentioned six times in the entirety of Plaintiff's Petition:[4]

> Defendant, **Morrell Steve Neely ("Neely")** is an individual and domiciled in the State of Illinois and conducting business within the State of Texas, and in Nueces County, Texas. **Neely** may be served at 9011 S. Paxton Avenue, Chicago, Illinois 60617. **Neely** has more than minimum contacts with the State of Texas.

> At all times relevant hereto, Defendant **Neely** was the control person of Defendant Noil and exercised his position to cause Noil to breach its fiduciary duty, and is liable and responsible for all damages for the aiding and abetting of this breach of fiduciary duty by Noil, and is jointly and severally liable for the breach of fiduciary duty damages.

> Therefore, Plaintiff seeks actual damages in the amount of the deposited funds converted, and exemplary damages for this defalcation while acting in as a fiduciary, both jointly and severally against both Defendant Noil and Defendant **Neely**.

---

[3] Plaintiff's Original Petition ("Petition") at ¶¶ 40-45 [Dkt. 1 at 12-13]. The claim also incorporates paragraphs 1 to 24 by reference. However, Steve Neely is not even referenced in those paragraphs, aside from his identity as a party.

[4] Petition at ¶¶ 5; 56; 58 [Dkt. 1 at 2, 14, and 15] (emphasis added).

6

The first four occurrences are in the "Parties and Service" section of the Petition and include the conclusory statement as to "minimum contacts" that the Court should disregard pursuant to *Iqbal*. The other two occurrences are in the breach of fiduciary duty section and should be disregarded as conclusory and a request for relief. Missing are any factual allegations to support any of the claims against Steve Neely.

20.   The Court should dismiss all claims against Steve Neely because Maxim failed to plead factual allegations sufficient to state a claim. Furthermore, the claims for (1) breach of contract; (2) unjust enrichment; (3) money had and received; and (4) breach of fiduciary duty and conversion should be dismissed without the opportunity to amend because any amendment would be futile. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) ("[I]f a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile.") (quoting Wright & Miller, 6 FED. PRAC. & PROC. CIV. § 1489). Maxim's Petition shows that an amendment would be futile because (1) Maxim alleges and attaches the contract with Noil, not Steve Neely; (2) while alleging that Noil, not Steve Neely, received the money; and (3) the only pled relationship between Steve Neely and Maxim is not a fiduciary relationship.

**C.   Pursuant To Rule 9(B), The Court Should Dismiss Plaintiff's Fraud Claims Against Steve Neely Because Maxim Failed To State Such Claims With Particularity.**

**1.   Pursuant to Rule 9(B), a plaintiff is required to plead fraud with particularity.**

21.   Rule 9(b) provides that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b). "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." *Shushany* v. *Allwaste, Inc.,* 992 F.2d 517, 520 (5th Cir. 1993).

22.   In the Fifth Circuit, the specificity requirement of Rule 9(b) "requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the

7

statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (citation omitted); *see also Shushany v. Allwaste, Inc.,* 992 F.2d 517, 521 (5th Cir. 1993) ("At a minimum, Rule 9(b) requires allegations of the particulars to time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."). The Fifth Circuit and courts in this district apply Rule 9(b) "with force, without apology." *Williams,* 112 F.3d at 178.

23. As in *Williams*, the Court should apply Rule 9(b) to dismiss Maxim's claims against Steve Neely for (1) fraudulent misrepresentations and (2) fraud by non-disclosure and omission.

### 2. The Court should dismiss Maxim's fraud claims because Maxim failed to plead fraud with particularity.

24. Maxim's asserts claims of (1) fraudulent misrepresentations and (2) fraud by non-disclosure against Steve Neely. Tellingly, Steve Neely is not mentioned anywhere in Maxim's fraud claims.[5]

25. Maxim's Petition falls far short of the Fifth Circuit's standard under Rule 9(b). Maxim failed to identify the statement or omission that it contends is fraudulent. Maxim failed to identify Steve Neely as the speaker of any such statement. Maxim failed to identify when the statement was made. Maxim failed to identify where the statement was made. Maxim failed to identify what Steve Neely obtained from the statement or omission. Maxim failed to explain why the statement or omission was fraudulent.

26. Simply stated, Maxim failed to plead any specifics as to its claims of fraud against Steve Neely. Because Maxim failed to plead the required "who, what, when, where, and how" of

---

[5] Petition at ¶¶ 25-30; 31-39 [Dkt. 1 at 12-13]. The claim also incorporates paragraphs 1 to 24 by reference. However, Steve Neely is not even referenced in those paragraphs, aside from his identity as a party.

its fraud claims, the Court should dismiss Maxim's fraud claims. *See WMX Technologies, Inc.*, 112 F.3d at 178.

WHEREFORE, Steve Neely respectfully requests the Court grant this Motion to Dismiss and for such other and further relief to which he may be justly entitled.

OF COUNSEL:

Marty J. Schwartz
IL State Bar No. _____
mschwartz@schainbanks.com
Schain Banks
Three First National Plaza
70 W. Madison Street, Suite 5300
Chicago, IL 60602
(312) 345-5700 Telephone
(312) 345-5701 Facsimile

Respectfully submitted,

*/s/ Michael L. Navarre*
Michael L. Navarre
State Bar No. 00792711
mnavarre@bnsfirm.com
Beatty, Navarre, Strama, PC
901 S. MoPac Expy.
Building 1, Suite 200
Austin, Texas 78746
(512) 879-5050 Telephone
(512) 879-5040 Facsimile

ATTORNEYS FOR DEFENDANT
NOIL CORP., INC.

## CERTIFICATE OF SERVICE

I certify that on this the 13th day of May, 2021, I served a true and correct copy of the foregoing instrument on the counsel of record below by EM/EC and by email as follows:

Antonio Ortiz – via aortiz@jhwclaw.com
Shelby A. Jordan – via sjordan@jhwclaw.com
JORDAN, HOLZER & ORTIZ, P.C.
500 N. Shoreline, Suite 900
Corpus Christi, Texas, 78401

*/s/ Michael L. Navarre*
Michael L. Navarre