FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MAXIM CRUDE OIL, LLC § <br> Plaintiff § <br> § <br> vs. § <br> § <br> NOIL CORP., INC. and § <br> MORRELL STEVE NEELY § <br> § <br> Defendants § | Civil Cause No. 2:21-cv-00090 |

## DECLARATION OF JENNIFER WATSON

I, Jennifer Watson, declare as follows:

1. My name is Jennifer Watson. I am over the age of 18, and I am fully competent to make this Declaration. The statements contained in this Declaration are true and correct.

2. I have worked at Noil Corp, Inc. ("Noil") for approximately three to four years and my current position is senior vice president. Noil sources millions of dollars of product a year for its customers. Noil has worked with Shell, Phillips 66, Valero and other large refiners. Noil contracts with the Department of Defense and multiple resellers.

3. On or about March 15, 2021, Maxim Crude Oil, LLC ("Maxim") entered into a Crude Products Agreement. Pursuant to the contract and consistent with industry norms, the contract was a prepayment contract. Section 6(a) of the contract expressly states that Maxim "shall, except at Noil Corp. Inc.'s option, pay Noil Corp. Inc. cash before delivery or pickup for crude products purchased hereunder." The invoice of the same date is consistent with the contract and required prepayment by Maxim. Maxim had difficulty in providing the necessary payment and failed to make the full payment set forth in the invoice.

4. Noil's goal was to find and provide product to Maxim. Maxim wanted the product to come from the Valero Three Rivers terminal near Corpus Christi. Maxim knew that Noil was

Exhibit 3 – page 1

working on obtaining the product because Maxim also called the refinery verifying what we were telling Maxim. Noil was told by Valero that it could provide the requested naptha product. Noil received a commitment from Valero for the product and informed Maxim of that commitment. However, that did not occur because the Valero terminal was shut down and, as Maxim was also told, Valero may never bring this terminal back up. David Hillman of Maxim told us that Valero had told Maxim that Valero may never provide product out of the Three Rivers terminal again.

5. The majority of my communication was with David Hillman of Maxim and we regularly spoke to try and get the deal done while Noil was working with Valero to get set to start lifting the product. Even after Maxim threatened Noil and terminated the contract, we continued to try and source product for Maxim. Noil's efforts have resulted in Noil identifying product that could be sourced for Maxim. However, Maxim has turned down those sources due to pricing or logistics. I was also informed that another deal for product for Maxim was turned down because Maxim was a high risk due to multiple lawsuits across multiple states and bankruptcy.

6. I am not an attorney and have never practiced law. I did not attend law school.

7. Exhibit 1 is a true and correct copy of the Crude Products Agreement.

8. Exhibit 2 is a true and correct copy of the Maxim invoice with payment due date of March 16, 2021.

9. Exhibit 4 is a true and correct copy of email communications between myself and Maxim, including a March 18, 2021 email from James L. Jensen to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 18th day of May, 2021.

_____
**JENNIFER WATSON**

**Exhibit 3 – page 2**