IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAXIM CRUDE OIL, LLC | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | Civil Cause No. No. 2:21-cv-90 |
| NOIL CORP., INC. and | § | |
| MORRELL STEVE NEELY | § | |
| | § | |
|     Defendants | § | |

### DEFENDANT STEVE NEELY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff, Maxim Crude Oil, LLC, by and through its attorneys of record, Antonio Ortiz and Shelby A. Jordan, **JORDAN, HOLZER & ORTIZ, P.C.,** 500 N. Shoreline, Suite 900, Corpus Christi, Texas, 78401

Defendant Steve Neely serves these Responses and Objections to Plaintiff's First Requests for Production and Answers and Objections to Interrogatories as authorized by Federal Rules of Civil Procedure 26, 33, 34, and 36.

| OF COUNSEL: | Respectfully submitted, |
|---|---|
| | */s/ Michael L. Navarre* |
| Marty J. Schwartz | Matthew R. Beatty |
| IL State Bar No. 50839 | State Bar No. 24001169 |
| mschwartz@schainbanks.com | mbeatty@bnsfirm.com |
| Schain Banks | Michael L. Navarre |
| Three First National Plaza | State Bar No. 00792711 |
| 70 W. Madison Street, Suite 5300 | mnavarre@bnsfirm.com |
| Chicago, IL 60602 | Beatty Navarre Strama, PC |
| (312) 345-5700 Telephone | 901 S. MoPac Expy. |
| (312) 345-5701 Facsimile | Building 1, Suite 200 |
| | Austin, Texas 78746 |
| | (512) 879-5050 Telephone |
| | (512) 879-5040 Facsimile |
| | |
|  | **ATTORNEYS FOR DEFENDANTS NOIL CORP., INC. AND MORRELL STEVE NEELY** |

1

## RESPONSES AND OBJECTIONS TO FIRST REQUESTS FOR PRODUCTION

Please produce the following Documents or things incident or relating to each of the following Requests for Production:

**Request for Production No. 1:** Produce all Documents incident or related to any internal communications related to the Agreement with Plaintiff or funds wired by Plaintiff, including but not limited to, any email or text message communications between You and Watson.

**RESPONSE**:

Neely objects to this discovery request because it seeks the production of documents protected by the attorney-client privilege and work product privilege. Neely has withheld from production communications between or among Neely and his attorneys dated both before and after Maxim filed its lawsuit. Similarly, Neely has withheld the work product of his attorneys from production dated both before and after Maxim filed its lawsuit

Subject to and without waiving its objections, please see the documents produced by Noil.

**Request for Production No. 2:** Produce all Documents incident or related to any communications between You and any third party regarding the Agreement with Plaintiff or the funds Plaintiff wired to Noil.

**RESPONSE**:

Please see the documents produced by Noil.

**Request for Production No. 3:** Produce all Documents incident or related to any documents regarding the Agreement at issue in this Suit.

**RESPONSE**:

Neely objects to this discovery request because it seeks the production of documents protected by the attorney-client privilege and work product privilege. Neely has withheld from production communications between or among Neely and his attorneys dated both before and after Maxim filed its lawsuit. Similarly, Neely has withheld the work product of his attorneys from production dated both before and after Maxim filed its lawsuit

Subject to and without waiving its objections, please see the documents produced by Noil.

**Request for Production No. 4:** Produce all Documents incident or related to any communications between You and Maxim.

**RESPONSE**:

Neely objects to this discovery request because it seeks the production of documents protected by the attorney-client privilege and work product privilege. Neely has withheld from production communications between or among Neely and his attorneys dated both before and after Maxim filed its lawsuit. Similarly, Neely has withheld the work product of his attorneys from production dated both before and after Maxim filed its lawsuit

Subject to and without waiving its objections, please see the documents produced by Noil.

**Request for Production No. 5:** Produce all Documents incident or related to any written or verbal communications You have, or claim to have had, with any other party, regarding this Suit and all internal correspondence or communications relating to any claims being brought in connection with this Suit.

**RESPONSE**:

Neely objects to this discovery request because it seeks the production of documents protected by the attorney-client privilege and work product privilege. Neely has withheld from production communications between or among Neely and his attorneys dated both before and after Maxim filed its lawsuit. Similarly, Neely has withheld the work product of his attorneys from production dated both before and after Maxim filed its lawsuit

Subject to and without waiving its objections, please see the documents produced by Noil.

**Request for Production No. 6:** Produce all bank statements that show any funds received from Maxim.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome.

Subject to and without waiving its objections, Neely will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim.

**Request for Production No. 7:** Produce all documents related to all statements for the trade account(s) referenced in the invoice between Noil and Maxim, including any statements in Your name that show transfers to or from the trade account.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome.

Subject to and without waiving its objections, Neely will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 8:** Produce all documents related to any bank account that received funds wired by Plaintiff to Noil, or at the request of Noil pursuant to the invoice submitted to Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome.

Subject to and without waiving its objections, Neely will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 9:** Produce all Documents incident or related to the procurement or attempt to procure the Naphtha product.

**RESPONSE**:

Please see the documents produced by Noil. Certain information from these documents has been redacted as protected trade secret and proprietary information.

**Request for Production No. 10:** Produce a privilege list fully disclosing all Documents incident or relating to any Document You claim is covered by any privilege from production, including any claim of attorney client privilege regarding in any respect regarding this Claim or any Document production request by Defendant, set out on a privilege log that fully discloses sufficient detail so that the Court may determine the nature and scope of any claimed privilege.

**RESPONSE**:

Neely objects to this discovery request because the request is outside the scope of permissible discovery under the Federal Rules of Civil Procedure and seeks discovery in a form not permitted by the rules of discovery.

**Request for Production No. 11:** Produce all documents reviewed by, transmitted to, exchanged with, or relied upon by any expert witness retained by you in this matter, including documents reviewed by any assistant or employee of the expert.

**RESPONSE**:

Neely objects to this discovery request because the request is outside the scope of permissible discovery under the Federal Rules of Civil Procedure, including Rule 26 of the Federal Rules of Civil Procedure.

Subject to and without waiving its objections, Neely will produce its expert material in accordance with the parties' Proposed Scheduling Order.

**Request for Production No. 12:** Produce all the most current resume of every expert witness you may call to testify at trial through live or deposition testimony.

**RESPONSE**:

Neely objects to this discovery request because the request is outside the scope of permissible discovery under the Federal Rules of Civil Procedure, including Rule 26 of the Federal Rules of Civil Procedure.

Subject to and without waiving its objections, Neely will produce its expert material in accordance with the parties' Proposed Scheduling Order.

**Request for Production No. 13:** Produce all Documents incident or related to any internet accounts maintained by You, including any email accounts, any Facebook, Twitter, or other public access internet account services, and any web page and web design, including the web page from time to time used by You.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 14:** Produce any and all documents related to any compensation You received from Noil.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 15:** Produce in electronic format all Documents incident or related to each and every reports, opinions, and all drafts of any such reports or opinion of any expert retained by You, including all statutes, standards, codes, regulations, treatises, publications and/or supporting data to be relied upon by such each expert and/or lay witness, all expert resumes and all Documents incident or related to communication by You with any such expert who will testify at the trial of this matter, as well as all Documents and communications between Plaintiff and Plaintiff's counsel about or in reference to any such expert.

**RESPONSE**:

Neely objects to this discovery request because the request is outside the scope of permissible discovery under the Federal Rules of Civil Procedure, including Rule 26 of the Federal Rules of Civil Procedure.

Subject to and without waiving its objections, Neely will produce its expert material in accordance with the parties' Proposed Scheduling Order.

**Request for Production No. 16:** Produce all documents related to any transfers made from the trade account to any other account after the date Plaintiff wired Noil funds.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 17:** Produce all documents related to any invoices or debts paid with funds Noil received from Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 18:** Produce all documents related to any bank accounts in your custody possession or control that You transferred funds to from the trade account to the present, beginning from the date Noil first received funds from Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 19:** Produce all documents related to any entities that are affiliates of Yours, or in which You have an ownership interest in.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 20:** Produce all documents related to any transfers to insiders (as that term is defined in the Texas Business & Commerce Code) made between March 1, 2021 and the present.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 21:** Produce all documents related to any transfers from Noil to You or any entity in which You or any family member have an interest between March 1, 2021 and the present.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 22:** Produce all documents reflecting any debits or credits on the trade account between March 1, 2021 and the present.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 23:** Produce all documents related to correspondence with Valero regarding procuring Naptha for Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks the production of trade secret privileged and confidential information.

Subject to and without waiving his objections, Noil will produce communications with Valero regarding procuring Naptha for Plaintiff.

**Request for Production No. 24:** Produce all documents related to any claim by You that Plaintiff breached the Agreement with Noil.

**RESPONSE**:

Please see documents produced by Noil.

**Request for Production No. 25:** Produce all documents related to the transfer of any funds from the account referenced as the "trade account" on the invoices provided to Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 26:** Produce all documents related to any expenditures or obligations paid by Noil with proceeds of funds received from Plaintiff that were wired to the trade account identified on the invoice submitted to Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 27:** Produce all documents related to any expenditures or obligations paid by Noil with proceeds of funds received from Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 28:** Produce all documents related to any bank statements that contained any funds traceable to the proceeds paid by Plaintiff. This request includes documents pertaining to bank accounts that contained any of those funds no matter how short of a period the

funds remained in the account.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 29:** Produce all check stubs related to payments made out of the account that contained the funds Plaintiff wired to Noil.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 30:** Produce all documents related to any correspondence with your bank or financial institution regarding the funds received by Plaintiff.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 31:** Please produce any and all documents and correspondence related to any document retention program or policy You abide by.

**RESPONSE**:

Noil does not have a written document retention program or policy.

**Request for Production No. 32:** If You contend that any documents requested by Plaintiff were lost or destroyed please produce any documents that relate to the destruction of such documents.

**RESPONSE**:

Neely objects to this discovery request because the request is outside the scope of permissible discovery under the Federal Rules of Civil Procedure and seeks discovery in a form not permitted by the rules of discovery.

**Request for Production No. 33:** Please produce any and all documents and correspondence that support Your contention that You do not owe Plaintiff any money.

**RESPONSE**:

Please see documents produced by Noil.

**Request for Production No. 34:** Please produce any and all documents that reflect your net worth.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 35:** Please produce any and all documents and correspondence relating to any distributions made to any employees or owners of Noil from March 1, 2021 to the present.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested

discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 36:** Please produce any and all documents related to any bank accounts held by You.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 37:** Please produce any and all documents relating to any payments made to Jennifer Watson.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Request for Production No. 38:** Please produce any and all documents and correspondence that relate to correspondence between You or any of your representatives and any personnel at your bank or financial institution related to any bank account opened or held in the name of Noil Corp.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 39:** All Documents incident or related to Your purchase of any assets exceeding a purchase price of $5,000.00 from March 1, 2021 to the present.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 40:** All Documents incident or related to the transfer of any assets exceeding approximately $5,000.00 in value from March 1, 2021 to the present.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving his objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

**Request for Production No. 41:** All Documents incident or related to the ownership structure of Noil Corp.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party.

Subject to and without waiving his objections, Noil will produce document(s) sufficient to show the ownership structure of Noil.

**Request for Production No. 42:** Produce all Documents incident or relating to any income You received from any entity from March 1, 2021 to the present.

**RESPONSE**:

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving its objections, Noil will produce a redacted bank statement(s) that shows the receipt of any funds received from Maxim and the payment of any funds to Maxim.

## ANSWERS AND OBJECTIONS TO FIRST INTERROGATORIES

**Interrogatory No. 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers of these interrogatories.

**Answer:**

Steve Neely, Michael Navarre, and Amy Weappa.

**Interrogatory No. 2:** Identify where the remaining $600,000 of Maxim's funds wired to Noil's trade account currently is. In doing so, please list each transfer made

**Answer:**

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Interrogatory No. 3:** State any other petroleum company(ies) You have ownership in or are affiliated with in any way, including any other petroleum company(ies) You have common ownership with, and in doing so please state the following:

    (a)    the current ownership of such entity;
    (b)    the amount of income You received from such entity;
    (c)    the date such entity was formed; and
    (d)    the name and address of such entity.

**Answer:**

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Interrogatory No. 4:** With respect to any transfer of money or other property to or from Noil Corp, or any entity which You claim an interest, since March 1, 2021, state:

- (a) The date of the transfer;
- (b) The name of the recipient;
- (c) The amount of the transfer or the property transferred; and
- (e) If money was transferred, please state the bank account the money was transferred from.

**Answer:**

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Interrogatory No. 5:** Describe in detail any property (real property or otherwise) held by another person or entity in which You claim an interest.

**Answer:**

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Interrogatory No. 6:** With respect to each interest in any real property in which You claims an interest, state the location of the property, the most recent purchase price of the property, and the nature of the interest.

**Answer:**

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Interrogatory No. 7:** What balance, if any, do you acknowledge to be indebted to Plaintiff.

**Answer:**

As set forth in prior filings, Neely contends that he does not owe Maxim any money.

**Interrogatory No. 8:** Please state Your net worth.

**Answer:**

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

**Interrogatory No. 9:** Please list each bank account (with bank account number) held by You.

**Answer:**

Neely objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Neely also objects to this discovery request because it is overly broad and overly burdensome. Neely also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

# CERTIFICATE OF SERVICE

I certify that on this the 16th day of August, 2021, I served a true and correct copy of the foregoing instrument on the counsel of record below by email as follows:

Antonio Ortiz – via aortiz@jhwclaw.com
Shelby A. Jordan – via sjordan@jhwclaw.com
**JORDAN, HOLZER & ORTIZ, P.C.**
500 N. Shoreline, Suite 900
Corpus Christi, Texas, 78401

                                                            */s/ Michael L. Navarre*
                                                            Michael L. Navarre