| | |
|---|---|
| **Subject:** | Discovery Conference Email - Maxim Crude Oil, LLC v. Noil Corp., Inc., et al., Cause No. 2:21-cv-00090 |
| **Date:** | Friday, August 20, 2021 at 3:16:40 PM Central Daylight Time |
| **From:** | Antonio Ortiz <aortiz@jhwclaw.com> |
| **To:** | Michael Navarre <mnavarre@bnsfirm.com> |
| **CC:** | Chrystal Madden <cmadden@jhwclaw.com> |

**Attachments:** image001.png, image002.png

Michael,

As you know, on this past Monday, August 16, 2021 I received your responses to my client's First Set of Requests for Production and First Set of Interrogatories in this matter. The following day we had a hearing before the Court where the issue of discovery was raised and I expressed my concern about the deficiencies in your discovery responses and documents production. One point in particular I mentioned during the hearing was the redaction of your bank statements that redacted every single transaction except for the wires received from Maxim and the one wire sent back to Maxim. Please consider this email as an attempt to confer on the discovery issues in this case so that we may resolve these issues without requiring court intervention.

Specifically, I'm requesting you remove all the improper redactions through your document production, including all the redactions made on the bank statements that show transactions and transfers of the funds in dispute along with the dates of the transfers. This is extremely relevant to the claims by Maxim in this case. I'm also requesting you supplement your responses to produce documents relevant to Noil's net worth as it is relevant to the issue of solvency during the relevant time period and the fact that Maxim has asserted claims for fraud which could entitle it to punitive damages in this matter. Additionally, as to the bank statements that you redacted, I've specifically requested documents related to any invoices or debts paid by Noil with funds received from Plaintiff. This would include any out of pocket costs Noil alleges it incurred as damages, and therefore any payments made to brokers if Noil is claiming it incurred such damages. Thus, those payments or debts that would appear on the bank statements if those payments were actually made are relevant and should not be redacted.

You have also failed to properly respond to the interrogatories I've propounded and instead asserted boilerplate objections to nearly every request. The information requested by the interrogatories you failed to respond to include, but are not limited to, the following:

- Requests for information pertaining to any transfers made, to whom, the amount, and the date of the transfers;
- Requests for you to identify where the remaining $600,000 of Maxim's funds wired to Noil are located;
- Your client's net worth;
- Any bank accounts held by Noil.

Please let me know if you intend to supplement/amend your discovery responses and supplement your production with the requested documents. If you refuse I'll have no choice but to seek court intervention and will consider asking the Court for jurisdictional discovery prior to its ruling on your pending motion to dismiss.

Regards,

--

Exhibit C

*Antonio Ortiz*
*Jordan & Ortiz P.C.*
**Phone: (361) 884-5678**
**Fax: (361) 888-5555**
**Cell: 956-495-9969**
**E-mail:** aortiz@jhwclaw.com
*Austin, Brownsville, Corpus Christi*

 

This e-mail and any attached files may be confidential and subject to attorney/client privilege. If you received it in error, please immediately notify the sender by return e-mail or by calling (361) 884-5678.