**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MAXIM CRUDE OIL, LLC<br>*PLAINTIFF*, | §<br>§<br>§ | |
| V. | § | CIVIL CAUSE 2:21-CV-00090 |
| NOIL CORP., INC. AND MORRELL STEVE NEELY<br><br>*DEFENDANTS*. | §<br>§<br>§<br>§<br>§ | |

**DESIGNATION OF EXPERT DISCLOSURES ON BEHALF OF MAXIM CRUDE OIL, LLC**

TO: Defendants Noil Corp., Inc. and Morrell Steve Neely, by and through their attorney of record, Michael L. Navarree (mnavarre@bnsfirm.com), BEATTY NAVARRE STRAMA, PC, 901 S. MoPac Expressway, Building 1, Suite 200, Austin, Texas 78746.

Maxim Crude Oil, LLC. (collectively, "Plaintiff"), makes these expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2) and pursuant to the Scheduling Order [Docket #30] of this Court.

## A. IDENTITY OF EXPERTS

### I. Fact/Expert Witness: - Rule 26(A)(2)(C)[1]

1. James Jensen
   c/o Antonio Ortiz
   Jordan & Ortiz, P.C.
   500 N. Shoreline Blvd., Suite 900
   Corpus Christi, Texas 78401
   Telephone: (361) 884-5678
   Facsimile: (361) 888-5555
   Email: aortiz@jhwclaw.com

[1] Rule 26(A)(2)(C) requires that
"if the witness is not required to provide a written report, this disclosure must state:
(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which the witness is expected to testify.

Mr. Jensen is a fact witness with expertise with issues related to the purchase and sale of fuel products. Mr. Jensen is the owner of Maxim Crude Oil, LLC, the plaintiff in this lawsuit. Mr. Jensen will testify as to all matters set out in this currently live complaint.

2. David Hillman
   c/o Antonio Ortiz
   Jordan & Ortiz, P.C.
   500 N. Shoreline Blvd., Suite 900
   Corpus Christi, Texas 78401
   Telephone: (361) 884-5678
   Facsimile: (361) 888-5555
   Email: aortiz@jhwclaw.com

Mr. Hillman is a fact witness who works for Maxim Crude Oil, LLC, the plaintiff in this lawsuit. Mr. HIllman will testify as to all matters set out in this currently live complaint.

3. Shelby A. Jordan
   Jordan & Ortiz, P.C.
   500 North Shoreline Blvd., Ste. 900
   Corpus Christi, TX 78401
   Telephone: (361) 884-5678
   Facsimile: (361) 888-5555
   Email: sjordan@jhwclaw.com

Mr. Jordan will submit the firm's affidavit pursuant to Fed. R. Civ. P. 54(d)(2)(B)[2] timely upon trial of this matter, or testify as this Court directs.

General substance of opinions and brief summary of basis for them: The services provided by Jordan & Ortiz, P.C., as well as the hourly rates charged, were/are both reasonable and necessary to a successful prosecution of Plaintiff's claims in this lawsuit. Mr. Jordan's opinions

---

[2] **d) Costs; Attorney's Fees.**

**(1)** ***Costs Other Than Attorney's Fees.*** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

**(2)** ***Attorney's Fees.***

**(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

**(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

**(i)** be filed ***no later than 14 days after the entry of judgment***;

**(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

**(iii)** state the amount sought or provide a fair estimate of it; and

**(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

are/will be based on the review of Jordan & Ortiz, P.C.'s monthly time and expense billing in this matter, his experience as an attorney licensed by the State of Texas and in Nueces County, Texas, and knowledge the fees incurred in similar litigation. Mr. Jordan's opinions will include all of the fees incurred in similar litigation, and his opinion that that all such fees are fair and reasonable under the lodestar rules of this Court. Mr. Jordan's testimony will also include a review of his professional resume.

## II. Retained Experts - Rule 26(A)(2)(B)[3]:

No non-fact testifying experts have been retained. Plaintiff expressly reserves the right to supplement these designations with Court approval subject to any designation of Defendants. The parties have conducted no deposition discovery thus far in the case and Plaintiff has filed a motion to compel discovery responses from Defendants in order to obtain documents and information relevant to Plaintiff's claims. Thereafter, it is likely that Plaintiff will seek leave to supplement this Expert designation with a retained expert on damages.

Date: November 15, 2021

Respectfully submitted,

*/s/ Antonio Ortiz*
Antonio Ortiz
State Bar # 24074839
Shelby A. Jordan
State Bar # 11016700
**JORDAN & ORTIZ, P.C.**
500 N. Shoreline, Suite 900
Corpus Christi, Texas 78401
Phone: (361) 884-5678
Fax: (361) 888-5555
Email: sjordan@jhwclaw.com
aortiz@jhwclaw.com
**ATTORNEYS FOR PLAINTIFF**

---

3 Rule 26(A)(2)(B) requires that
". . . if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case."

## CERTIFICATE OF SERVICE

I certify that on November 15, 2021, I served a true and correct copy of the foregoing instrument on the counsel of record below by email as follows:

Michael L. Navarre (mnavarre@bnsfirm.com)
Beatty Navarre Strama, PC
901 S. MoPac Expy., Bldg 1., Ste. 200
Austin, Texas 78746

*/s/ Antonio Ortiz*
Antonio Ortiz