# Michael Navarre

| | |
|---|---|
| **From:** | Michael Navarre |
| **Sent:** | Monday, November 1, 2021 10:25 AM |
| **To:** | Antonio Ortiz |
| **Cc:** | Chrystal Madden |
| **Subject:** | RE: Maxim v. Noil |

Antonio,

I have reviewed Maxim's supplemental production of 47 additional pages of documents. Maxim's supplemental production consist of the following: (1) redacted March bank statements for two of Maxim's accounts; (3) three copies of parts of what appears to be the same email chain with a Valero employee; and (3) a schedule of lifts at Arroyo terminals.

Aside from the mail chain with the Valero employee, I did not see any other communications with any third-parties. Nor did Maxim produce any internal communications. If I am mistaken, please let me know.

As to your email, we did discuss the identified RFPs during our telephone call. Most of those RFP groupings are the same groupings that were in our previously filed Motion to Compel. In fact, during our discussion, I specifically directed you to our Motion to Compel and the RFP groupings in the Motion as a way to more efficiently discuss the outstanding issues with respect to Maxim's deficiencies in its discovery responses.

The Rule 11 Agreement was sent on the Monday after our Friday discussion to make sure that there would be no issue as to Maxim's discovery agreements and Noil's agreements to further limits its discovery responses. Maxim's failure to live up to its agreements and execute the Rule 11 Agreement shows that Maxim is backing out of its agreements.

Thank you.

Michael L. Navarre

BEATTY NAVARRE STRAMA P.C.
901 S. MoPac Expressway
Barton Oaks Plaza
Building 1, Suite 200
Austin, Texas 78746
(512) 879 5054
(512) 879 5040 (fax)
www.bnsfirm.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Antonio Ortiz <aortiz@jhwclaw.com>
**Sent:** Friday, October 22, 2021 1:06 PM
**To:** Michael Navarre <mnavarre@bnsfirm.com>
**Cc:** Chrystal Madden <cmadden@jhwclaw.com>
**Subject:** Re: Maxim v. Noil

EXHIBIT 4 - page1

| CAUTION: This email originated from outside of the organization. |
|---|

Michael,

The Rule 11 agreement groups together large numbers of RFPs that we never once discussed during our call and then categorizes them as things like "documents concerning the status of the Valero terminal" (which you say encompass 8 different RFPs in the Rule 11 and demand I withdraw every single objection to all those requests) and "documents concerning Noil's fraud claim and documents and information concerning Maxim's damages claim" (which the Rule 11 says encompasses 9 RFPs). For example, RFP No. 29 requests all documents related to any bank account held by Maxim. While I'm agreeing to produce bank statements showing Maxim had the necessary funds to purchase the product, I'm not agreeing to withdraw all my objections and to produce every single document that relates in any way to every single bank account held by Maxim. That would clearly encompass a substantial number of documents that are in no way relevant to the claims and defenses in this suit, and not relevant to "Noil's fraud claim" or "Maxim's damages claim". It's ironic that you're demanding Maxim produce all documents related to any bank account held by Maxim when it's the funds in Noil's bank account that are at the center of this case.

Maxim is not backing out of any agreements whatsoever. You'll see in the responses you get today that, in the spirit of going above and beyond what Maxim believes is required, Maxim has agreed to furnish you with the bank statements and customer lists you seek as part of both your requests for production and interrogatories. You'll also see that the vast majority of objections have been withdrawn.

Regards,


--
*Antonio Ortiz*
*Jordan & Ortiz P.C.*
**Phone: (361) 884-5678**
**Fax: (361) 888-5555**
**Cell: 956-495-9969**
**E-mail: aortiz@jhwclaw.com**
*Austin, Brownsville, Corpus Christi*

  

This e-mail and any attached files may be confidential and subject to attorney/client privilege. If you received it in error, please immediately notify the sender by return e-mail or by calling (361) 884-5678.


**From:** Michael Navarre <mnavarre@bnsfirm.com>
**Date:** Wednesday, October 20, 2021 at 3:47 PM
**To:** Antonio Ortiz <aortiz@jhwclaw.com>
**Cc:** Chrystal Madden <cmadden@jhwclaw.com>
**Subject:** RE: Maxim v. Noil

Antonio,

We spent quite a bit of time during our call reaching agreements as to the discovery issues that the Court heard at the most recent hearing. As the Court had requested, I agreed to numerous limitations at to Noil's discovery requests to

EXHIBIT 4 - page2

Maxim. The Rule 11 Agreement that I sent you Monday morning was the complete agreement of the parties as to those requests. It included Noil's agreement to limit the timeframe and scope of certain requests and Noil's agreement to delete certain requests.

The only exception, as referenced in the Rule 11 Agreement, was that we did not discuss or reach an agreement as to Maxim's refusal to provide information concerning the identity of certain persons. That is why I put a check box in the Rule 11 Agreement for you to indicate whether Maxim agreed or disagreed with providing the requested information.

It is troubling that after we reached these agreements during our discovery conference, Maxim is backing away from its agreements. In the hope that you reconsider, I am reattaching the Rule 11 agreement.

Please confirm Maxim's agreement by returning an executed version of the attached Rule 11 Agreement.

Thank you.

Michael L. Navarre

BEATTY NAVARRE STRAMA P.C.
901 S. MoPac Expressway
Barton Oaks Plaza
Building 1, Suite 200
Austin, Texas 78746
(512) 879 5054
(512) 879 5040 (fax)
www.bnsfirm.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Antonio Ortiz <aortiz@jhwclaw.com>
**Sent:** Monday, October 18, 2021 5:59 PM
**To:** Michael Navarre <mnavarre@bnsfirm.com>
**Cc:** Chrystal Madden <cmadden@jhwclaw.com>
**Subject:** Re: Maxim v. Noil

**CAUTION:** This email originated from outside of the organization.

Just to follow up on the issue of entering into a Rule 11 agreement to file, I think it's important that any rule 11 agreement signed and filed with the court contain the terms of the complete agreement by both sides.

--
*Antonio Ortiz*
*Jordan & Ortiz P.C.*
**Phone: (361) 884-5678**
**Fax: (361) 888-5555**
**Cell: 956-495-9969**
**E-mail: aortiz@jhwclaw.com**
*Austin, Brownsville, Corpus Christi*

EXHIBIT 4 - page3

 

This e-mail and any attached files may be confidential and subject to attorney/client privilege. If you received it in error, please immediately notify the sender by return e-mail or by calling (361) 884-5678.

**From:** Antonio Ortiz <aortiz@jhwclaw.com>
**Date:** Monday, October 18, 2021 at 5:53 PM
**To:** Michael Navarre <mnavarre@bnsfirm.com>
**Cc:** Chrystal Madden <cmadden@jhwclaw.com>
**Subject:** Re: Maxim v. Noil

Michael,

Please see the attached correspondence.

With regard to your letter, during our conference, there was never any agreement by either you or me that we would be withdrawing all of our objections to any specific requests. We actually never discussed any specific objection at all with the exception of our discussions regarding narrowing the scope of certain requests (in time and subject matter, in some instances). That being said, as I stated on our phone call, **I will revise my discovery responses to the requests we discussed, withdraw certain objections that are appropriate based upon our discussions, and produce the documents and information that is in my client's custody, possession, or control by October 22, 2021**.

With regard to your letter's request that I state whether or not Maxim will agree to provide the requested information for Interrogatory Nos. 1-4, I'm waiting to hear back from my client about whether we will need to provide the names of customers under the protection of a protective order since customer lists are the types of information that should be safeguarded or submit them in camera or some other means that ensures the information is safeguarded and is protected from disclosure to competitors who could use the information to gain a competitive advantage. While on the subject of interrogatories, please inform me as soon as practical whether you will agree to provide the requested information for the interrogatories served.

**Please also confirm whether you will produce the documents and information related to the transfers of Maxim's funds that were made from the trade account, as well as the bank statements showing those transfers as well as any payments you made.**

Finally, please confirm whether or not you will agree to produce documents related to any attorney's fees in this case or whether you are taking the position that you do not have to produce it because there was not a specific request for production that asked for attorney's fee statements.

Regards,

--

*Antonio Ortiz*
*Jordan & Ortiz P.C.*
Phone: **(361) 884-5678**
Fax: **(361) 888-5555**
Cell: **956-495-9969**
E-mail: aortiz@jhwclaw.com
*Austin, Brownsville, Corpus Christi*

**EXHIBIT 4 - page4**

 

This e-mail and any attached files may be confidential and subject to attorney/client privilege. If you received it in error, please immediately notify the sender by return e-mail or by calling (361) 884-5678.

**From:** Michael Navarre <mnavarre@bnsfirm.com>
**Date:** Monday, October 18, 2021 at 9:49 AM
**To:** Antonio Ortiz <aortiz@jhwclaw.com>
**Subject:** Maxim v. Noil

Antonio,

As a follow-up to our discovery conference on Friday, please see the attached.

Thank you.


Michael L. Navarre

BEATTY NAVARRE STRAMA P.C.
901 S. MoPac Expressway
Barton Oaks Plaza
Building 1, Suite 200
Austin, Texas 78746
(512) 879 5054
(512) 879 5040 (fax)
www.bnsfirm.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 4 - page5