## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MAXIM CRUDE OIL, LLC | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | Civil Cause No. 2:21-cv-00090 |
| NOIL CORP., INC. and | § | |
| MORRELL STEVE NEELY | § | |
| | § | |
|     Defendants | § | |

### DEFENDANT NOIL CORP., INC.'S AMENDED RESPONSES AND
### OBJECTIONS TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION

TO:    Plaintiff, Maxim Crude Oil, LLC, by and through its attorneys of record, Antonio Ortiz and Shelby A. Jordan, **JORDAN, HOLZER & ORTIZ, P.C.,** 500 N. Shoreline, Suite 900, Corpus Christi, Texas, 78401

    Defendant Noil Corp., Inc. serves these Amended Responses and Objections to Plaintiff's

Second Requests for Production, as authorized by the Federal Rules of Civil Procedure.

OF COUNSEL:

Respectfully submitted,

*/s/ Michael L. Navarre*

| | |
|---|---|
| Marty J. Schwartz | Matthew R. Beatty |
| IL State Bar No. 3124462 | State Bar No. 24001169 |
| mschwartz@schainbanks.com | mbeatty@bnsfirm.com |
| Schain Banks | Michael L. Navarre |
| Three First National Plaza | State Bar No. 00792711 |
| 70 W. Madison Street, Suite 5300 | mnavarre@bnsfirm.com |
| Chicago, IL 60602 | Beatty Navarre Strama, PC |
| (312) 345-5700 Telephone | 901 S. MoPac Expy., Building 1, Suite 200 |
| (312) 345-5701 Facsimile | Austin, Texas 78746 |
| | (512) 879-5050 Telephone |
| | (512) 879-5040 Facsimile |

**ATTORNEYS FOR DEFENDANTS**

Exhibit

C

## **GENERAL OBJECTION**

1.      Noil objects to the instructions and definitions set forth by Maxim because they seek to impose burdens and obligations greater than those permitted or set forth in the Federal Rules of Civil Procedure.  Noil will respond in accord with the Federal Rules of Civil Procedure and any applicable case law and local rules.

2.      Noil objects to the definitions of the terms "You", "Your", "Defendant", "Noil", and "Neely" because the terms are defined to include attorneys and consultants and thus necessarily call for information that is protected from discovery by the attorney-client privilege and work product doctrine.

3.      Noil objects to the definitions of the terms "You", "Your", "Defendant", "Noil", and "Neely" because the terms are defined to include attorneys and consultants and thus necessarily call for information that is protected from discovery by the attorney-client privilege and work product doctrine.

4.      Noil objects to the term "Maxim Funds" because it is vague and ambiguous because, in part, cash is fungible.  Noil further objects to the term "Maxim Funds" because it assumes that the money belongs to Maxim even though Maxim committed fraud and breached the terms of the Crude Services Products Agreement.

5.      Maxim did not specify a form for producing electronically stored information ("ESI"), aside from requesting that such ESI be "produced in the form in which it is kept in its usual course."  Noil will produce its text messages and emails in paper form with any attachments immediately following the email.

## **AMENDED RESPONSES AND OBJECTIONS TO 2ND REQUESTS FOR PRODUCTION**

**Request for Production No. 47:**  Please produce any invoices, time records, and/or billing statements concerning Your attorneys' representation of You in this Lawsuit, including any engagement letters, contracts, retainer agreements, and/or fee agreements between You and Your attorneys for their representation of You in this Lawsuit.

**Response:**

Plaintiff objects to this request to the extent it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to the foregoing objections, Noil has produced its attorney engagement letter and redacted invoices and will produce additional redacted invoices.

**Request for Production No. 48:**  Produce all Documents related to the disbursement of any funds disbursed out of the $600,000 of Maxim Funds in any accounts held or controlled by Noil and/or any of its representatives.

**Response:**

Noil objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party and is overly broad and unduly burdensome because it seeks "all Documents related to the disbursement of any funds disbursed out of the $600,000 of Maxim Funds" from numerous accounts until three days before trial and is not tailored with reasonable particularity as to the time period, type of documents, account and type of disbursement. Additionally, the request is ambiguous as to disbursements "of any funds disbursed out of the $600,000 of Maxim Funds." For these same reasons, Noil also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving its objections, Noil has produced redacted bank statement(s) for the trade account from March 2021 to August 2021.

**Request for Production No. 49:** Produce all Documents reflecting or related to the movement or "disbursement" of approximately $440,000 of the Maxim Funds prior to the TRO being entered by the State Court as was represented to the Court during the hearing on May 20, 2021.

**Response:**

Noil objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party and is overly broad and unduly burdensome because it seeks "all Documents reflecting or related to the movement or "disbursement" of approximately $440,000" and is not tailored with reasonable particularity as to the type of movement or disbursement or type of document. Additionally, the request is ambiguous as to the movements or disbursements of the "approximately $440,000 of the Maxim Funds." For these same reasons, Noil also objects to this discovery request because it is not proportional to the needs of the case because the requested discovery places a burden or expense on the responding party that outweighs its likely benefit and is of low importance to resolving the issues.

Subject to and without waiving its objections, Noil has produced redacted bank statement(s) for the trade account from March 2021 to August 2021.

**Request for Production No. 50:** Produce all Documents reflecting or related to the $160,000 represented to the Court as remaining in Noil's account on May 20, 2021.

**Response:**

Noil has produced redacted bank statement(s) for the trade account that show the balance of the trade account on April 26, 2021.

**Request for Production No. 51:** Produce all Documents that relate to any damages of the $160,000 as the amount remaining out of the Maxim Funds as of the date the TRO was entered by the State Court.

**Response:**

Noil objects to this discovery request as confusing and nonsensical as to "any damages of the $160,000 as the amount remaining out of the Maxim Funds." Noil also objects to this discovery request because it is vague.

Subject to and without waiving its objections, Noil interprets this request as asking for documents relating to damages suffered by Noil and responds that it has produced its responsive and non-privileged documents within its possession and control.

**Request for Production No. 52:** Produce any documents evidencing or relating to any correspondence between You and any third party dealing in any way with the subject matter of this lawsuit.

**Response:**

Noil objects to this request to the extent it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to and without waiving its objections, Noil has produced its responsive and non-privileged documents within its possession and control.

**Request for Production No. 53:** Produce any documents incident, relating to, or evidencing any breach by Plaintiff of any agreements between you and Plaintiff, including any documents wherein you gave Plaintiff notice of such breach.

**Response:**

Noil objects to this request because it is duplicative of Maxim's prior requests and to the extent it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to and without waiving its objections, Noil has produced its responsive and non-privileged documents within its possession and control.

**Request for Production No. 54:** Produce any documents incident or relating to any damages you claim you suffered in this lawsuit.

**Response:**

Noil objects to this request because it is duplicative of Maxim's prior requests and to the extent it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to and without waiving its objections, Noil has produced its responsive and non-privileged documents within its possession and control.

**Request for Production No. 55:** Produce any documents incident or relating to any damages you seek to recover in this lawsuit.

**Response:**

Noil objects to this request because it is duplicative of Maxim's prior requests and to the extent it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to and without waiving its objections, Noil has produced its responsive and non-privileged documents within its possession and control.

**Request for Production No. 56:** Produce any documents incident or relating to any invoices paid by You with any funds received by Maxim.

**Response:**

Noil objects to this request because it is nonsensical because it concerns invoices paid by Noil with funds received by Maxim. If it is seeking documents incident or relating to any invoices paid by You with any funds received from Maxim, it is duplicative of Maxim's prior requests, including Request No. 18, and Noil incorporates its objections to such requests herein.

**Request for Production No. 57:** Produce any documents incident or relating to Your calculation of the amount of Maxim Funds that had not been disbursed by You as of the date of the hearing on May 20, 2021.

**Response:**

Noil objects to this request because it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine and assumes that a calculation was made.

Subject to and without waiving its objections, Noil has produced redacted bank statement(s) for the trade account that show the balance of the trade account on April 26, 2021.

**Request for Production No. 58:** Produce all Documents incident or relating to any claim

You have, or that You assert or intend to assert against Plaintiff.

**Response:**

Noil objects to this discovery request because it overly broad, lacking in specificity, and unduly burdensome. Noil further objects to this request because it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to and without waiving its objections, Noil has produced the responsive and non-privileged documents within its possession and control.

**Request for Production No. 59:** Produce all Documents incident or relating to Your contention that your lost profits amounted to $570,000 as represented in the letter dated April 15,2021 from Marty J. Schwartz to James Jensen.

**Response:**

Noil objects to this request because it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to and without waiving its objections, Noil has produced the responsive and non-privileged documents within its possession and control.

**Request for Production No. 60:** Produce all Documents incident or relating to any commitments you received from any terminals or people operating terminals that would be providing Naptha product for you to sell to Plaintiff as represented in various text messages, suchas the text message on April 3, 2021, from Jennifer Watson to David Hillman stating that "Steve was given full Commitment and has the message from the guy, the guy said he just couldn't sendout everything in time because of the people being out and that he felt we'd have it."

**Response:**

Noil has produced such responsive documents and will produce any additional responsive documents, if such documents are found.

**Request for Production No. 61:** Produce all Documents incident or relating to any lists of customers you sold crude products to during March and April 2021.

**Response:**

Noil objects to this discovery request because it is duplicative of Maxim's prior requests for production. Noil further objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party because it seeks "all Documents incident or relating to any lists of customers." For these same reasons, Noil also objects to this discovery request because it is overly broad and unduly burdensome.

**Request for Production No. 62:** Produce all documents incident or relating to balance sheets or financial statements that demonstrate Noil's solvency, or assets and liabilities for purposes of determining solvency.

**Response:**

Noil objects to this discovery request because it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party because it seeks "all documents incident or relating to balance sheets or financial statements" and continues until three days before trial. Noil also objects to this discovery request because it is overly broad and unduly burdensome.

Subject to and without waiving these objections, Noil will state its net worth as of the date of its supplemental interrogatory response.

**Request for Production No. 63:** Produce the documents identified in Your response to any interrogatory

**Response:**

Noil incorporates by reference its prior objections to the corresponding interrogatory propounded by Maxim. Noil further objects to this request because it seeks information that is protected by attorney-client, consulting expert privileges and work product doctrine.

Subject to the foregoing objections, Noil refers Maxim to its previously produced documents.

## CERTIFICATE OF SERVICE

I certify that on this the 9th day of March, 2022, I served a true and correct copy of the foregoing instrument on the counsel of record below by email as follows:

Antonio Ortiz – via aortiz@jhwclaw.com
Shelby A. Jordan – via sjordan@jhwclaw.com
**JORDAN, HOLZER & ORTIZ, P.C.**
500 N. Shoreline, Suite 900
Corpus Christi, Texas, 78401

*/s/ Michael L. Navarre*
Michael L. Navarre